UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSTAPHA MISSILMANI,

       Plaintiff,                      CASE NO. 19-CV-11408
v.                                   HON. GEORGE CARAM STEEH

ABBAS ALI SHIRAZI,

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT IN SUM CERTAIN (ECF No. 10) AND DENYING
DEFENDANT'S MOTION TO SET ASIDE DEFAULT (ECF No. 8)**

    Defendant Abbas Ali Shirazi has been tried and convicted of credit card and financial fraud charges. Plaintiff Mustapha Missilmani has brought a civil action to recover monies fraudulently charged on his credit card by the Defendant. To date, Defendant has not filed an Answer or responsive pleading to the Complaint. However, on May 17, 2019, Defendant, acting pro se, sent a letter to the Court Administrator stating that he wished to dispute the allegations against him and would be filing two motions: (1) to stay proceedings until he could be transferred to a facility closer to the court because he was incarcerated in the Chippewa County Jail in Sault Sainte Marie, Michigan, and (2) to stay proceedings

because of his situation concerning immigration and location. (ECF No. 5). Defendant is no longer incarcerated and has been served with Plaintiff's motion for default judgment at his home address. (ECF No. 13, 15). The hearing regarding Plaintiff's motion for default judgment has been rescheduled twice. Defendant was mailed notice of the rescheduled hearing to his home address both times.

To date, Defendant has filed no motions. The Clerk did not construe Defendant's pro se letter as an Answer or responsive pleading and entered a Clerk's Entry of Default on July 22, 2019. (ECF No. 7). Defendant, again acting pro se, sent a letter to the court on July 31, 2019, that he received notice of the Clerk's Entry of Default, and wished to enter a "plea of not guilty." (ECF No. 8). Given Defendant's pro se status, the court construes his letter liberally as a motion to set aside the Clerk's Entry of Default. Also pending before the court is Plaintiff's motion for default judgment in a sum certain. (ECF No. 10). Defendant has not filed a response to Plaintiff's motion for default judgment and the time period for doing so has expired. For the reasons set forth below, Defendant's motion to set aside the Clerk's Entry of Default shall be DENIED, and Plaintiff's motion for default judgment shall be GRANTED.

**A. Defendant's Motion to Set Aside Clerk's Entry of Default**

Federal Rule of Civil Procedure 55(a) permits the Clerk to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as required by the Federal Rules. The Clerk's Entry of Default was proper in this case because Defendant failed to file an Answer or responsive pleading within the time allotted under the Federal Rules. Under Rule 55(c), a court may set aside an entry of default "for good cause shown." The Sixth Circuit has established a three-prong test for determining whether a clerk's entry of default shall be set aside, which requires the court to consider whether: (1) the default was willful, (2) the set-aside will prejudice plaintiff, and (3) the alleged defense is meritorious. *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (citing *United Coin Meter Co. v. Seaborn Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

Here, Defendant has failed to file an Answer or responsive pleading and over nine months have passed since the filing of the Complaint. Although Defendant submitted a letter to the Court Administrator that he intended to file motions in this case, or to dispute the allegations of the Complaint, to date, he has not. Thus, the court finds that the default is willful. Also, the credit card fraud alleged in this case took place in July,

2017. Plaintiff will be unfairly prejudiced if the Clerk's entry of default is not entered as the delay is unjustified.

But most importantly, Defendant's failure to satisfy the third prong of the three-part test, which requires proof of a meritorious defense, is fatal to his motion to set aside the Clerk's Entry of Default. In order to establish a meritorious defense for purposes of setting aside a default, the defendant must simply advance a defense "good at law," not necessarily one that will likely succeed. *United Coin Meter Co.*, 705 F.2d at 845. But, in the context of a motion to set aside a default judgment, the Sixth Circuit has held that "general denial[s]" alone, without even a "suggestion" of supporting evidence, do not suffice to establish the existence of a meritorious defense. *Smith v. Commissioner*, 926 F.2d 1470, 1480 (6th Cir. 1991) (internal quotation marks and citation omitted); *see also Clarendon Ltd. v. Foster*, 7 F.3d 232, No. 92-5626, 1993 WL 339703, at *7 (6th Cir. Sept. 2, 1993) (noting that the defaulted party "did not address any means by which he would dispute the allegations in the complaint other than to deny them generally"). Although this case involves a motion to set aside a clerk's entry of default, not default judgment, the Sixth Circuit has noted that "[t]he same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more

liberally when reviewing an entry of default." *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *see also Dassault Sys., SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011).

Even under a more liberal review, Defendant has failed to establish a meritorious defense. He states generally that he would like to "plead not guilty" to the civil claims pending against him, but he has not cited to any facts in support of his general denial. The Sixth Circuit has stressed that the key to the meritorious defense inquiry is the determination of "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Childress*, 663 F.3d at 843 (internal quotation marks and citation omitted). This is so because the Sixth Circuit has observed "[s]imple judicial economics fuels the rationale for the meritorious defense requirement," because "opening a default judgment would represent a fruitless gesture if it could not conceivably affect the outcome of the suit." *Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assoc., Inc*, 173 F.3d 857, 1999 WL 98590, at *5 (6th Cir. 1999) (internal quotation marks and citation omitted).

Here, Plaintiff has already been tried and convicted of credit card and financial fraud charges in related cases. Plaintiff has not shown that he has any defense to these civil charges arising out of similar criminal conduct for

which he has been convicted under a higher burden of proof. Having failed to identify a meritorious defense, Plaintiff's motion to set aside the Clerk's Entry of Default must be DENIED.

**B.     Plaintiff's Motion for Default Judgment**

Judgment by default is considered "a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. In determining whether entry of default judgment is warranted, courts consider a number of factors including the amount of money involved; whether there are material issues of fact; whether the plaintiff has been substantially prejudiced by defendant's delay; and whether the grounds for default are clearly established or are in doubt. *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013). "Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016) (citing *Visioneering Constr. v. U.S Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). In this case, liability is established because the

court is required to accept the allegations of the Complaint as true based on Defendant's failure to file an Answer or responsive pleading. In addition, Defendant's criminal conviction for similar conduct as alleged in the Complaint supports the court's conclusion that liability has been established. *See, e.g., Mishkin v. Ageloff,* 299 F. Supp. 2d 249, 252-54 (S.D.N.Y. 2004) (all material issues of fact in civil proceeding were resolved by prior criminal proceeding in which defendants were found guilty on identical charges); *United States v. Rivieccio,* 846 F. Supp. 1079, 1083–84 (E.D.N.Y.1994) (defendant's criminal conviction for fraud resolved beyond dispute all issues of fact in the civil suit brought against him for the same misconduct and established the elements for a civil finding of fraud).

Having found that liability is established, the next question is whether Plaintiff is entitled to default judgment as to his damages claim. Rule 55(b) of the Federal Rules of Civil Procedure permits a district court to conduct a hearing to determine damages, but does not require it and commits this decision to the sound discretion of the district court. "[J]udgment by default may be entered without a hearing on damages where the amount claimed is capable of ascertainment from the definite figures contained in the documentary evidence or in detailed affidavits." *United States Sec. &*

*Exch. Comm'n v. Romer*, No. 2:18-CV-12927, 2019 WL 3219906, at *2 (E.D. Mich. July 17, 2019) (internal quotation marks and citation omitted).

Here, Plaintiff has submitted an affidavit that the balance owed including interest as of September 1, 2019 is $210,905.09. During oral argument, Plaintiff updated the interest to report the balance owed to be $228,501.78. The court finds the affidavit and representations of counsel sufficient proof of damages owing. Plaintiff also seeks punitive damages in the amount of three times the award of compensatory damages. The court finds that an award of punitive damages in double the amount of compensatory damages is appropriate. This amount, which is to be imposed as punishment, sufficiently fulfills the purpose of deterrence and retribution, and is reasonable and proportionate to the amount of harm to the Plaintiff and to the general damages recovered. *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (although there is no bright line rule, punitive damages should typically be a single digit multiplier of compensatory damages in order to comport with due process); *Davis v. Brown*, 23 F. App'x 504, 506 (6th Cir. 2001) (affirming award of punitive damages as part of default judgment).

At the hearing, Plaintiff's counsel submitted a declaration of attorney fees incurred in the amount of $4,705. The court finds it appropriate to award attorney fees in this amount.

For the reasons set forth above, Defendant's motion to set aside the Clerk's Entry of Default (ECF No. 8) is DENIED. Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff's motion for default judgment (ECF No. 10) is GRANTED. Judgment for a sum certain shall be entered in the amount of $228,501.78 in compensatory damages, $457,003.56 in punitive damages, and attorney fees in the amount of $4,705, for a total award of $690,210.34.

**IT IS SO ORDERED**.

Dated: February 18, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 18, 2020, by electronic and/or ordinary mail and also on Abbas Ali Shirazi, 23036 Sheridan St., Dearborn, MI 48128.

s/Barbara Radke
Deputy Clerk